# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs April 4, 2016

## MITCHELL L. BOWERS
## v. TENNESSEE DEPARTMENT OF CORRECTION ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 14C3173     Amanda Jane McClendon, Judge**

_____

**No. M2015-01937-COA-R3-CV – Filed April 19, 2016**

_____

Plaintiff contends the trial court erred by dismissing this action for failure to prosecute. The trial court dismissed the action because the case had been pending for more than one year but no summons had been issued. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and KENNY W. ARMSTRONG, JJ., joined.

Mitchell L. Bowers, Tiptonville, Tennessee, Pro se.

Herbert H. Slatery, III, Attorney General and Reporter; and Pamela S. Lorch, Senior Counsel, Nashville, Tennessee, for the appellee, Tennessee Department of Correction and Lois M. DeBerry Special Needs Facility.

## MEMORANDUM OPINION[1]

Mitchell L. Bowers ("Plaintiff") filed a complaint on August 1, 2014, in which he named several defendants; however, Plaintiff failed to prepare and file any summonses for the trial court clerk to issue for service of process. More than one year after the complaint was filed, the trial court reviewed the status of the case and determined that

---

[1] Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

service of process had not been attempted on any defendant and that no defendant had made an appearance. Acting pursuant to Rule 18 of the Local Rules of Court for the Twentieth Judicial District,[2] the trial court entered a final order on September 10, 2015, that reads:

> It appearing to the Court a complaint was filed on August 1, 2014. The Court finds that summons were not issued pursuant to Rule 3 of the Tennessee Rules of Civil Procedure. Accordingly, the Court finds that the action should be dismissed with prejudice for failure to prosecute.

In this appeal, Plaintiff contends he gave the defendants "fair notice by institutional mail avenue." He further contends the Davidson County Circuit Court "failed to properly notify [him] that [he] would be required to summons/serve other than the available legal method; institutional mailing or that the court would not perfect said summoning/serving of said Appellees."

In the only filing with this court by the Office of the Attorney General, which is entitled "Notice To The Court," Senior Counsel stated:

> No defendants were ever served a summons and complaint in the case below. . . .

> As no person was ever served, the Office of the Attorney General did not enter an appearance on behalf of any defendants nor filed any pleading in the trial court below. Wherefore, the Office of the Attorney General hereby respectfully provides notice that it does not intend to file an appeal brief.

Having reviewed the very modest record in this matter, we affirm the action of the trial court.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Mitchell L. Bowers.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[2] Local Rule 18.01 states: "All civil cases must be concluded or an order setting the case for trial obtained within twelve (12) months from date of filing unless the court has directed a shorter or longer period." Local Rule 18.02 allows the court to "take reasonable measures including dismissal or entering a scheduling order to enforce the time standard set forth" in Local Rule 18.01.